No. 17,177.

KELLY ET AL. *v.* KELLY.

APPEAL.—*Abatement of.—Death of Party.—Survival of Judgment Based Upon Non-Surviving Cause of Action.*—Where a wife, to protect her inchoate interest in her husband's real estate, which she had previously joined in conveying, secures, in a suit for that purpose, a judgment setting aside the conveyance and an order for its reconveyance to her husband, her death, after appeal by the adverse parties, including the husband, can not be pleaded in abatement of the appeal, even though upon her death her interest merged in the title of the husband, because a judgment establishing a cause of action survives, although the cause of action itself, if not reduced to judgment, would not have survived.

From the Floyd Circuit Court.

*J. V. Kelso* and *C. D. Kelso,* for appellants.

HACKNEY, J.—The appellee, the wife of the appellant Kelly, instituted this suit in the lower court against the appellants, alleging a conveyance by her and her husband of the real estate of her husband to the appellant Trunk, in trust for purposes alleged; that the obligations of the trustee had not been performed, and that her husband was indebted to her by judgment. The relief prayed was that said conveyance be set aside and that a commissioner reconvey the real estate to her husband.

While it is difficult to outline a theory upon which the complaint states a cause of action, it is certain that it does not allege facts sufficient to constitute a cause of action to set aside the conveyance as in fraud of her rights as a creditor of her husband, for the reason that it does not allege fraud, does not allege the absence of other property in the husband sufficient to pay his debts, and it is expressly alleged that she joined in the deed of conveyance.

The only remaining theory that is possibly tenable is that of protecting her inchoate interest in the property, and it appears from the findings of the trial court that this theory was adopted below. The decree was in favor of the appellee to the full extent of the prayer, and the appellants have appealed from that decree and severing in their assignments of error deny the sufficiency of the complaint, claim error in overruling separate motions for judgment upon the special findings and to modify the decree, urge exceptions to the court's conclusions of law and to the overruling of their motions for a new trial.

Pending the submission of the cause, the appellants separately file verified pleas alleging the death of the appellee, on the 15th day of March, 1894, in this State, and praying an order that the action herein abate. The contention is that as the decree, from which the appeal was taken, related to the appellee's inchoate interest in her husband's lands, and that by her death that interest became extinct, and did not survive her, the cause of action should be deemed to have died with her.

It would seem, upon first impression, that the question presented could not be considered without a substitution of parties appellee, since without such parties no decision we might make would be binding, but when recalling the character of the decree, vesting title in the appellant Kelly, that his wife, at most, secured but an inchoate right in herself, by such decree, and that by her death no interest could remain for or in behalf of any other than her husband, we conclude that his presence and insistence upon the plea must be treated as including the only party who could be brought in by substitution. In this conclusion we concede the point that the wife's interest in the decree gave her but an inchoate interest in the land; and that upon her death that interest

merged in the title of her husband, but does it follow that the cause shall abate?

The authority cited in support of the contention that the cause abates is Elliott's App. Proced., p. 143, section 169, where the author considers the abatement of an appeal "where the sole possessor of the cause of action, who prosecutes the appeal for its enforcement, dies pending the appeal."

The question raised by the pleas before us is not as to the abatement of the appeal but the sustaining of the pleas is to hold that a final decree, presumed to have been valid and free from error, had not survived but has died with its possessor. While we do not decide that the decree, if affirmed, may confer any enforceable right upon the descendants or legal representatives of the deceased appellee, we do conclude that a final judgment or decree establishing a cause of action does survive, notwithstanding the cause of action would not have survived if not reduced to final judgment or decree.

If, upon investigation of the record, we should affirm the decree of the lower court, the decree could not be vacated by proceedings in that court on the ground that the right of action supporting it was one that would not have survived. Nor could the appellants, if they had not appealed, have gone into the circuit court and set aside the decree because it was based upon a right of action which, from its character, was not of the classes that survive.

A valid judgment, unappealed from or free from reversible error, in an "action arising out of an injury to the person" does not die with the person, under R. S. 1881, section 282; R. S. 1894, section 283; nor is there any reason why the present decree should be abrogated and the right of action upon which it rests be declared dead, either because it could not have been maintained

before the appellee's death or because her death extinguished her interest acquired by the decree, and enlarged the interest of the husband by relieving it of the burden of the inchoate interest. If the appellants are prosecuting an appeal that is fruitless, they should dismiss it, but because their appeal is fruitless, we are not justified in declaring that the appellee's cause of action and the decree thereon shall abate, and, in effect, that the estate of the appellee shall be liable for the costs of an action in which she succeeded and secured a decree presumably valid and regular. The pleas in abatement are rejected.

Filed May 16, 1894.